UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ESSEX ENERGY, L.L.C.

CIVIL ACTION

VERSUS

15-307-SDD-SCR

SCOTT WILLIS, ET AL.

**RULING**

Before the Court is a *Motion to Dismiss Plaintiff's Complaint Because of Improper Venue in Accord with Rule 12(b)(3) of the Federal Rules of Civil Procedure*[1] filed by Defendants, Fishman Haygood, L.L.P., Sterling Scott Willis, and David Logan Schroeder.  Plaintiff, Essex Energy, L.L.C., has filed an *Opposition*[2] to which Defendants have filed a *Reply*.[3]  Subsequently, Essex was granted leave to file a *Surreply*.[4]  For the following reasons, the *Motion* shall be denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Essex Energy, LLC ("Essex"), a Louisiana limited liability company, claims that the Defendants, Fishman Haygood, L.L.P. ("Fishman Haygood"), Sterling Scott Willis ("Willis"), and David Logan Schroeder ("Schroeder"), breached the standard of care for lawyers representing clients purchasing oil and gas assets and failed to properly supervise an attorney who committed legal malpractice.  In mid-January of 2014, several preferred investors retained Fishman Haygood, and its attorneys Willis and

---

[1] Rec. Doc. 13.
[2] Rec. Doc. 16.
[3] Rec. Doc. 17.
[4] Rec. Doc. 20.

1

Schroeder, to conduct legal transactional work involving the acquisition and extraction of certain oil and gas assets and liabilities from the University Field prospect in East Baton Rouge Parish and their transfer into a newly created company, Essex. The University Field prospect included two leases: the Duplantier Lease and the Nelson Lease. The transactions closed on May 22, 2014. Several months later in October of 2014, Essex claims that it learned that, due to a "Partial Release of Surface Rights Under Mineral Lease," it lacked the ability to conduct surface operations or a right of access to access the Nelson Wells. Essex contends that Defendants failed to raise the Partial Release of Surface Rights as an issue or possible problem before Essex closed the transaction. Essex further argues that, had it known of the potential hindrances associated with the Release, it would not have entered into the agreement to purchase the Nelson Lease.

Due to the Defendants' alleged legal malpractice and failure to supervise, Essex filed the instant lawsuit on May 15, 2015. In its *Complaint*[5], Essex alleged that venue was proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1392(b)(2) because East Baton Rouge Parish is where a substantial part of the events or omission giving rise to the claim occurred and is the location of the property that is the subject of this litigation. Defendants now seek dismissal of Essex's claims on the grounds of improper venue, or, in the alternative, transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1406(a). Essex disagrees and maintains that venue is proper under 28 U.S.C. § 1391(b)(2), and also contends that venue is proper under 28 U.S.C.

---

[5] Rec. Doc. 1.

§ 1391(b)(1) because all of the Defendants are Louisiana residents.[6]  Because the Court finds merit in Essex's residency argument under 28 U.S.C. § 1391(b)(1), the Court's analysis is limited to this argument.

## II. LEGAL STANDARD

### A. Motion to Dismiss Due to Improper Venue

"Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue."[7]  "Upon objection to venue, the burden is on the plaintiff to establish that venue is proper, but the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[8]  Where, as here, the suit is based solely on diversity of citizenship, the Court looks to 28 U.S.C. § 1391 to determine whether venue is proper.

### B. 28 U.S.C. § 1391(b)(1) Residency

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  Pursuant to Section 1391(c)(2) of the venue provision, a corporation or unincorporated business association, such as a partnership or limited liability company, is "deemed to reside … in any judicial district in which such defendant is subject to the

---

[6] Essex is not limited to raising alternative venue arguments.  Rule 8(a) requires the following are necessary to state a claim for relief: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. Pro. Rule 8. Further, as noted by Arthur Miller, unlike subject matter jurisdiction, a plaintiff is not required to include allegations showing that venue is proper.  "Of course, the plaintiff is free to allege venue, and some judges may consider it good practice, perhaps particularly if the plaintiff anticipates a dispute on the issue." Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3826 (4th ed.).
[7] *Emelike v. L-3 Communications Corp.*, 2013 WL 1890289, *1 (N.D.Tex. May 7, 2013)(citing *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012)).
[8] *Walters v. T.H. Hill Associates, Inc.*, 2013 WL 5375488, *1 (M.D.La. Sept. 19, 2013)(citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448-49 (5th Cir. 2008)).

court's personal jurisdiction with respect to the civil action in question."[9]  Furthermore, Section 1391(d) sets forth a corporation's residency in a state with multiple judicial districts as follows:

> [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.[10]

Due to the fact that Fishman Haygood is a limited liability partnership, or unincorporated entity, and because Louisiana has multiple judicial districts, the Court's venue analysis thus largely collapses into a personal jurisdiction analysis.[11]   In other words, Fishman Haygood will be deemed to "reside" in the Middle District of Louisiana for purposes of venue only if it has sufficient minimum contacts pursuant to the personal jurisdiction analysis.

### C. Personal Jurisdiction

Because the Court is not conducting an evidentiary hearing on the issue of personal jurisdiction, the Plaintiff bears the burden of establishing a *prima facie* case that the Court has jurisdiction over Defendants.[12]  "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of

---

[9] 28 U.S.C. § 1391(c).  In *Crochet v. Wal-Mart Stores, Inc.*, 2012 WL 489204 (W.D.La. Feb. 13, 2012), the district court noted that, "[a]lthough the wording of § 1391(c) appears to apply only to corporations, the United States Court of Appeal for the Fifth Circuit has held, and it is generally accepted, that unincorporated business associations such as partnerships and limited liability companies are analogous to corporations for venue purposes." *Id.* at *1 (citing *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir. 1969)).
[10] 28 U.S.C. § 1391(d).
[11] See, *Graham v. Dyncorp Intern., Inc.*, 973 F.Supp.2d 698, 701 (S.D.Tex., Galveston Div.  Sept. 19, 2013).
[12] *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

determining whether a prima facie case for personal jurisdiction has been established."[13]  However, "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."[14]  In making its *prima facie* determination, the Court is "not restricted to a review of the plaintiff's pleadings,"[15] and may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[16]  The Court may also "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."[17]

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution."[18]  As for the first element, it is well-established that Louisiana's long-arm statute is coextensive with the limits of constitutional due process.[19]  As for the second factor, "the Fourteenth Amendment Due Process clause requires satisfaction of a two-prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum

---

[13] *Thompson v. Chrysler Motor Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)(citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270-71 (5th Cir. 1983)).
[14] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).
[15] *Benson v. Rosenthal*, 2015 WL 4168646, *1 (E.D.La. July 9, 2015)(quoting *Jobe v. ATR Mktg, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)).
[16] *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002)(quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).
[17] Fed.R.Evid. 201(b).
[18] *721 Bourbon, Inc. v. House of Auth, LLC*, 2015 WL 6134069, *2 (E.D.La. Oct. 19, 2015)(citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).
[19] *Turner Industries Group, LLC, v. The Travelers Companies, Inc.*, 2011 WL 3875826, *2 (M.D.La. Aug. 31, 2011)(citing *A & L Energy, Inc. v. Pegasus Group*, 791 So.2d 1266, 1270 (La. 2001)).  Louisiana's personal jurisdiction statute states in pertinent part: "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."  La. R.S. 13:3201(B).

contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'"[20]

The "minimum contacts" prong is satisfied when a defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus, invoking the benefits and protections of its laws."[21] In other words, the defendant's connection with the forum state should be such that "he should reasonably anticipate being haled into court there."[22] The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts,[23] or of the 'unilateral activity of another party or a third person.'"[24]

"The 'minimum contacts' prong is further subdivided into contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction."[25] "Where a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against that defendant."[26] However, "[w]here contacts are less pervasive, the court may still exercise 'specific' jurisdiction in a suit arising out of or related to the defendant's contacts with the forum."[27]

---

[20] *Catron v. Rogul*, 2014 WL 1819972, *2 (E.D.La. May 6, 2014)(quoting *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)(citing *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).
[21] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).
[22] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[23] *Burger King*, 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S., at 299)).
[24] *Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).
[25] *Freudensprung*, 379 F.3d at 343.
[26] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)(internal and external citations omitted).
[27] *Id.*

**D. Analysis**

Relying on 28 U.S.C. § 1391(b)(1), Essex contends that venue is proper in the Middle District of Louisiana because all of the Defendants are residents of Louisiana. Essex does not attempt to argue that either Willis or Schroeder would be subject to the Court's personal jurisdiction. Rather, the focus of Essex's argument is that the Middle District has general personal jurisdiction over Fishman Haygood. Essex further argues that Defendants have waived their right to challenge personal jurisdiction for failure to do so in their Rule 12(b)(3) motion.

Defendants offer limited rebuttal to Essex's points. Initially, Defendants argue that Essex "wrongfully conflates venue and jurisdiction."[28] They acknowledge that, while Willis and Schroeder are residents of Louisiana, neither resides in the Middle District. As for Fishman Haygood, Defendants contend that, "at the time of the events 'with respect to the civil action in question', [Fishman Haygood] had only one office, New Orleans, from where Messrs. Willis and Schroeder rendered their professional legal services made the subject of Essex's allegations."[29] Defendants further argue that Essex cannot satisfy Section 1391(c)(2)'s requirement that "the defendant be subject to the court's personal jurisdiction *with respect to the civil action in question*" because Fishman Haygood did not have an office in Baton Rouge at any time it provided services to Essex.[30]

i. <u>Waiver of Defense of Lack of Personal Jurisdiction</u>

"The Federal Rules indicate [that] a defendant waives the right to challenge personal jurisdiction under two circumstances: first, the right is waived if a defendant

---

[28] Rec. Doc. 17, p. 1.
[29] Rec. Doc. 17, p. 1.
[30] Rec. Doc. 17, p. 4. (emphasis original).

7

files a motion under Rule 12 that asserts some defenses, but omits an available challenge to personal jurisdiction; second, unless a defendant either challenges personal jurisdiction by motion, or includes it as a defense in a responsive pleading, the challenge is waived."[31]  In their pending motion to dismiss for improper venue, Defendants failed to assert any other defense, including lack of personal jurisdiction. Defendants have further failed to address why their defense has not been waived. Hence, the Court finds that Defendants have waived their right to challenge the Court's personal jurisdiction.  Nevertheless, even assuming Defendants have not waived their right, for the following reasons the Court finds that Essex has shown that the Court has personal jurisdiction over Fishman Haygood.

    ii.  Personal Jurisdiction Analysis

As previously discussed herein, when dealing with a partnership, such as Fishman Haygood, in a multi-jurisdictional state, such as Louisiana, the venue analysis becomes a personal jurisdiction analysis as set forth in 28 U.S.C. §§ 1391(c)(2) and (d). Essentially, this Court will be a proper venue with respect to Fishman Haygood if it "resides" in the Middle District of Louisiana.  Fishman Haygood "resides" in this district if it has sufficient minimum contacts with the district pursuant to the personal jurisdiction analysis.

---

[31] *Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F.Supp.2d 648, 652 (W.D.Tex. Austin Div. Feb. 9, 2011)(citing Fed. R. Civ. Pro. Rule 12(h)).  See also, *General Design Sign Co., Inc. v. American General Design, Inc.*, 2003 WL 251931, *1 (N.D.Tex. Jan. 31, 2003)(In its reasoning, the District Court for the Northern District of Texas explained that, once a defendant files a Rule 12(b)(3) motion to dismiss without asserting that personal jurisdiction was also improper, the defense was waived).  In addition, Alan Wright has explained how, under the amended version of 28 U.S.C. § 1391(c), the definition of residence has been expanded, thus, placing greater incentive on a defendant to assert the defense of personal jurisdiction in a timely manner after service in a forum district even if the defendant had no contacts with the district at the time the suit was filed.

While Fishman Haygood appears to suggest that Essex must show that the Court has specific personal jurisdiction rather than general jurisdiction over the firm for purposes of 28 U.S.C. § 1391(c)(2), the Court finds otherwise.  As part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (FCJVCA), the language of 28 U.S.C. § 1391(c) was amended.  The FCJVCA amendments replaced the language from "at the time the action is commenced" to "with respect to the civil action in question."  Notably, neither version of the statute refers to specific or general personal jurisdiction.  Therefore, district courts have continued to apply both general and specific personal jurisdiction analyses in determining whether residency under the current version of Section 1391(c)(2) has been satisfied.[32]

It has also been suggested by some legal scholars that, since general jurisdiction could support venue under the previous version of Section 1391(c) at the time the case was commenced even though jurisdiction was not necessarily related to the claim asserted, the same reasoning should apply with respect to the amended version of Section 1391(c)(2).[33]  In other words, "[e]ven though in such cases jurisdiction is not necessarily related to the claim asserted, the defendant is subject to personal jurisdiction 'with respect to the civil action in question.'"[34]  Based on the foregoing, the Court finds that Section 1391(c)(2) may be satisfied through either general or specific jurisdiction.  Therefore, the remaining issue before the Court is whether Essex has

---

[32] *Greene v. Greyhound Bus Lines, Inc.*, 2015 WL 2168855, *2 (D.Nev. May 7, 2015)(explaining that, for purposes of 28 U.S.C. § 1391(c)(2), personal jurisdiction can be either general or specific); *Vision Wine & Spirits, LLC. v Winery Exchange, Inc.*, 2013 WL 1737015, *2 (D.N.J. April 22, 2013); *Ahead, LLC v. KASC, Inc.*, 2013 WL 1747765, *7 (W.D. Wash, Seattle Apr. 23, 2013)(holding that 28 U.S.C. § 1391(b)(1) could not be satisfied because State of Washington could not exert either general or specific personal jurisdiction over defendant as required by 28 U.S.C. § 1391(c)(2)).
[33] Wright & Miller, 14D Fed.Prac. & Proc. Juris. § 3811.1 (4th Ed.).
[34] Wright & Miller, 14D Fed.Prac. & Proc. Juris. § 3811.1 (4th Ed.).

made a *prima facie* showing of the Court's ability to exercise general personal jurisdiction over Fishman Haygood for purposes of 1391(c)(2) and 1391(d).

To satisfy its burden of showing the Court can exercise general personal jurisdiction over Fishman Haygood, Essex must demonstrate that the law firm's contacts are "continuous and systematic" so that the exercise of jurisdiction is proper irrespective of the claim's relationship with the forum. The issue of whether a district court has personal jurisdiction over a non-resident law firm was addressed by the Fifth Circuit in *Companion Property and Cas. Ins. Co. v. Palermo*.[35]

In *Companion*, the Fifth Circuit upheld the Texas District Court's finding that it lacked general personal jurisdiction over two non-resident Louisiana lawyers, Anthony Palermo and James R. Raines, and their respective Louisiana law firm, Breazeale, Sachse & Wilson, LLP (BSW), in a legal malpractice claim. Companion, a South Carolina insurer, with its principal place of business there, had issued a worker's compensation policy to State Roofing. When State Roofing was subsequently sued by an employee injured on the job, State Roofing named Companion as a third-party defendant, seeking indemnification and contribution arising out of its worker's compensation policy. In response, Companion retained Aspen Administrators, Inc., a Texas-based third party claims administrator, to oversee the employee-plaintiff's claim. On Companion's behalf, Aspen then retained BSW to defend the indemnification claim. Thereafter, BSW communicated solely with Aspen and corresponded regularly with Aspen via email, telephone, and letter mails. Although BSW ultimately determined that another "insurer was the proper policy to cover the worker's compensation claim," "BSW negligently allowed a consent judgement to be entered against Companion in the

---

[35] *Companion Property and Cas. Ins., Co. v. Palermo*, 723 F.3d. 557 (5th Cir. 2013).

injured employee's lawsuit."[36]  As a result, Companion incurred damages exceeding $400,000.

In its federal lawsuit against Palermo, Raines, and BSW, Companion alleged that the District Court for the Northern District of Texas had general and specific personal jurisdiction over each of the defendants.  As for general personal jurisdiction, Companion argued that each of the defendants had continuous and systematic contacts in Texas.  On appeal, the Fifth Circuit, in affirming the district court, found that "the general-personal-jurisdiction theory had no substance under the facts" because the "[d]efendants maintained no offices in Texas; they had no personnel stationed there; they paid no Texas taxes and had no registered agent for service for process; and, although sustained over an appreciable period, transacted only limited and discrete business [in Texas]."[37]

Unlike *Companion*, in the pending matter, Essex has offered facts and evidentiary support to satisfy its *prima facie* showing that this Court has general personal jurisdiction over Fishman Haygood.  It is undisputed that Fishman Haygood is "a Louisiana Limited Liability Partnership, which is domiciled in Louisiana."[38]  At the time Essex filed its lawsuit, Fishman Haygood had two law firm locations--one in New Orleans and one in Baton Rouge.[39]  Fishman Haygood specifically admits that its Baton Rouge law office opened in January of 2015, approximately four months before Essex filed its lawsuit.[40]  While the Court will not take judicial notice[41] of the content of the

---

[36] *Id.* at 559.
[37] *Id.* at 560.
[38] Rec. Doc. 1, p. 2. Rec. Doc. 13-2.
[39] Rec. Doc. 17, pp. 4-5.
[40] Rec. Doc. 17, p. 5.

11

copies of the newspaper articles published on the Fishman Haygood website, the Court will take judicial notice of the articles for the limited purpose of showing what facts were disclosed to the public.[42]  Specifically, the Court takes judicial notice of Fishman Haygood's expansion to Baton Rouge to provide legal services.[43] It is also undisputed that Fishman Haygood's legal staff sent relevant documents associated with the Essex transaction giving rise to the instant litigation to the East Baton Rouge Parish Clerk of Court's Office for filing.[44]

Based on the uncontroverted allegations and evidentiary support offered by Essex, the Court finds that Essex has made a *prima facie* showing that this Court has general personal jurisdiction over Fishman Haygood due its continuous and systemic contacts within the Middle District.  Given that Fishman Haygood's contacts in the Middle District of Louisiana would subject them to personal jurisdiction here if this district were a separate state, the firm is deemed to be a resident of the Middle District under 28 U.S.C. § 1391(d).  The Court further finds that, because all of the Defendants reside in the State of Louisiana, and because the Court has general personal jurisdiction over Fishman Haygood, venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1391(b)(1).  Because the Court finds that venue is proper on these grounds, it need not reach or address the remaining arguments offered by Essex.

---

[41] *Simms v. Jones*, 2011 WL 5978594, *2 (N.D.Tex. Nov. 30, 2011)("When reviewing a motion to dismiss, the Court should consider matters of which the Court may take judicial notice, whether or not such notice is requested."(citing Rule 201(c) of the Federal Rules of Evidence)).
[42] *Id.*
[43] Rec. Doc. 16-2, Exhibit B.
[44] Rec. Doc. 16-1, p. 4.  Authenticated Legal Bill; Rec. Doc. 17, p. 4.

**E. Alternative Motion to Transfer Under 28 U.S.C. § 1406**

In the alterative, Defendants move to transfer venue under 28 U.S.C. § 1406.[45] However, because the Court has found that venue is proper in this district, the only grounds for transfer are pursuant to 28 U.S.C. § 1404(a). The Defendants do not move for transfer on the grounds of forum non conveniens. Accordingly, the Defendants' alternative motion for transfer of venue shall be denied.

## III. CONCLUSION

Wherefore, the *Motion to Dismiss Plaintiff's Complaint Because of Improper Venue in Accord with Rule 12(b)(3) of the Federal Rules of Civil Procedure*[46] filed by Defendants, Fishman Haygood, L.L.P., Sterling Scott Willis, and David Logan Schroeder, is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 7, 2015</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] Rec. Doc. 13-1, p. 9, Section III ("Conclusion"). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
[46] Rec. Doc. 13.